

# VIRGINIA & AMBINDER LLP
Attorneys at Law

Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
www.vandallp.com

**Leonor H. Coyle**
**Associate**
212.943.0028
lcoyle@vandallp.com

February 23, 2012

**VIA ECF AND FIRST CLASS MAIL**

United States Magistrate Judge Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re: <u>Cortes et al v. Giorgio Shellfish Corp. et al</u>
        Case No. 11-CV-1190 (RRM) (JMA)

Dear Judge Azrack:

    This firm represents Plaintiffs in the above-referenced wage and hour action. I write on behalf of all parties, and in furtherance of Your Honor's February 17, 2012 Order requiring submission of a letter explaining why the proposed settlement in this case is procedurally and substantively a fair and reasonable settlement.

## The Proposed Settlement Is Fair and Reasonable

    The parties represent that the proposed settlement is fair and reasonable. Plaintiffs asserted claims on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) and New York Labor Law to recover unpaid overtime compensation. Plaintiffs alleged they were owed for work they performed on behalf of Defendants. Defendants consistently denied these allegations throughout the case and asserted a counterclaim against Plaintiffs seeking a monetary recovery for damage to Defendants' business.

    Cognizant of the substantial risks and costs associated with litigating Plaintiffs' claims and Defendants' counterclaim, the parties began to discuss settlement and, over the course of the past six months, engaged in numerous in-person and telephonic settlement discussions. This included a two-hour in-person settlement conference held on September 28, 2011 before the Court with all parties present.



During that conference, the parties fully discussed the issues in this case and weighed the risks associated with prosecuting Plaintiffs' claims along with the strength of Defendants' defenses and counterclaim, and Defendants' financial viability. An agreement was not reached and further documentation was exchanged (including Defendants' records showing Defendants' limited financial resources). Plaintiffs also conducted Defendant's deposition on January 20, 2012.

After Defendant's deposition, further settlement discussions occurred which proved beneficial in reaching an agreement that all parties considered to be satisfactory under the circumstances. Each Plaintiff fully understood the terms of the settlement, and knowingly and voluntarily approved the agreement. In fact, besides Plaintiffs having participated in the lengthy settlement conference before the Court, Plaintiffs on numerous occasions discussed with the undersigned or members of my firm the terms of the settlement reached.

### Conclusion

In light of the above, the parties respectfully request that Your Honor approve the negotiated settlement in this matter. The parties further request that this Court "so order" the Stipulation of Dismissal of Action with Prejudice with which is being electronically filed separately.

Respectfully submitted,

_____/s/_____
Leonor H. Coyle, Esq.
Suzanne B. Leeds, Esq.
*Attorneys for Plaintiffs*

*Acknowledged and agreed:*

/s/ 2/23/12
Christopher E. Chang, Esq.
*Attorney for Defendants*